# Rhoads *versus* Blatt *et al.*

1. Real estate does not pass by an assignment of " all the goods, chattels and effects, and property of every kind, personal and mixed," the words " personal and mixed" limiting the assignment to the personal estate ; nor could the assignee make any claim upon the proceeds after the sale and conversion of the realty by the assignor.

2. Where the assignor is insolvent an assignment of a claim of $1200, a first lien upon a farm worth $13,000, the consideration for the assignment being $400, is evidence of fraud on the ground of inadequacy of price, and the question of fraud under such circumstances should be submitted to the jury.

February 28th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, of *Berks county :* Of January Term 1877, No. 143.

This was an attachment execution issued by Samuel L. Rhoads to the use of John Wilhelm against Reuben Blatt, wherein Aaron Blatt was summoned as garnishee. The garnishee pleaded *nulla bona*, with leave, &c., and issue.

The case was this :—

On the 21st of January 1871, Rhoads obtained a judgment against Reuben Blatt, which, on the 16th of June 1874, was marked to the use of Wilhelm.

On the 26th day of April 1871, Reuben Blatt, being seised of an undivided interest in a farm which had descended to him and his brothers and sisters from their father, Benjamin K. Blatt, under the intestate laws, executed an assignment for the benefit of creditors to John K. Derr, of " all the goods, chattels, and effects and property of every kind, personal and mixed, of the said Reuben

[Rhoads *v.* Blatt.]

Blatt;" which assignment was duly recorded on the day of its date.

The 12th day of May, following, the assignee filed an inventory, wherein said interest was appraised at $2000.

The assigned estate of Reuben Blatt was settled, and proved insolvent, paying the creditors a pro rata dividend of only 23½ per centum.

On the 7th day of August 1871, proceedings in partition were commenced, which terminated in Aaron Blatt, the brother of Reuben, accepting the above-mentioned farm at the valuation thereof, to wit: $12,920, and entering into a recognizance to secure the shares of his brothers and sisters.

The widow died; and the interest of Reuben Blatt in the recognizance aforesaid was $2583.99. Reuben Blatt made assignments of portions of his interest in said recognizance to divers persons, some dated before and some after his assignment for the benefit of creditors, aggregating $1423.31, with a small amount of interest. This left a balance of $1159,98 with interest, due Reuben from Aaron. This attachment execution was issued and served upon Aaron Blatt, who was summoned as garnishee. Upon being ruled to reply to interrogatories, he filed answers, admitting that he had in his possession the above balance, but alleging that Reuben had on the 31st day of July 1872, assigned it to J. Warren Tryon, Esq., the consideration mentioned in this assignment being $400, the receipt whereof was acknowledged therein.

The cause was then put at issue and at the trial before Sassaman, A. L. J., the plaintiff contended that this assignment to Tryon was made with the intent to defraud creditors, but the court ruled that there was no evidence of fraud.

In their general charge they also held that the real estate of Blatt passed to the assignee for the benefit of creditors, and if it did not at the time of the assignment it subsequently did when converted into personalty after the proceedings in partition, and therefore the remedy of plaintiff must be against said assignee; and the jury were instructed to find for defendants.

The plaintiff took this writ, assigning these rulings of the court for error.

*Cyrus G. Derr*, for plaintiff in error.—The real estate did not pass to the assignee for creditors, as no apt words were used in the assignment, and the use of the words "personal and mixed," excluded the realty. If the land did not pass the money arising from a sale thereof did not pass.

The inadequacy of the consideration named in the assignment to Tryon was evidence of fraud, the assignor being largely indebted: Davidson *v.* Little, 10 Harris 252.

*Henry C. G. Reber*, for defendants in error.

[Rhoads v. Blatt.]

Mr. Justice PAXSON delivered the opinion of the court, March 28th 1877.

It is manifest that the real estate of Reuben Blatt did not pass by his assignment for the benefit of creditors. By that instrument he assigned " all the goods, chattels, and effects and property of every kind, personal and mixed, of the said Reuben Blatt." Whatever might have been the effect of the words " goods, chattels, effects and property of every kind," had they stood alone, the addition of the words " personal and mixed" certainly limited them to the personal estate. It is equally clear that if the real estate did not pass by the assignment, the assignee could have no claim upon the proceeds thereof, after a sale and conversion by the assignor.

The question of fraud should have been submitted to the jury. The learned judge refused the plaintiff's first point upon the ground that there was no evidence of fraud. This was error. The record shows that Blatt was insolvent. He had made an assignment for the benefit of his creditors. It appears from the report of the auditor that his estate yielded but a small dividend. The assignment to Mr. Tryon was of a claim of $1200, charged as a first lien upon a farm said to be worth $13,000. The consideration for the transfer of this claim was $400. In a sale by an insolvent vendor, inadequacy of price is evidence of fraud. It was said in Davidson v. Little, 10 Harris 252, that " the sale of lands or goods by an indebted person for less than their value is *ipso facto* a fraud in both vendor and vendee."

The judgment is reversed, and a *venire facias de novo* awarded.